IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SALVADOR DELOS REYES, )<br>    Petitioner, )<br> ) <br>vs. ) <br> ) <br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>    Respondent. ) | No. 3:08-CV-0831-P (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties**: Petitioner is an inmate currently incarcerated in the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID).[1] Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**C. Procedural History:**

Petitioner was convicted in the 262nd District Court of Harris County, Texas. He is not challenging his conviction, but challenges the validity of prison disciplinary proceeding

---

[1] The Allred Unit is located within the jurisdiction of the Northern District of Texas.

No. 20070220509. Petitioner was found guilty of possessing a weapon, and punishment was assessed at 45 days of commissary, property, and cell restrictions; a change in classification and a loss of 334 days of good-time credits. Petitioner states that he is not eligible for mandatory supervision.

Petitioner states that he has challenged his disciplinary proceeding before in federal court by way of a § 2254 petition in the United States District Court for the Northern District of Texas, Wichita Falls Division.[2]

Because Petitioner has filed a previous federal petition to challenge prison disciplinary proceeding No. 20070220509, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[3] A petition that is literally second or successive, however, is not necessarily a second or successive application for purposes of the AEDPA. *See Stewart v.*

---

[2]*See* Civil Action No. 7:07-CV-189-O.

[3] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

*Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). In *Stewart*, the Supreme Court declined to construe an application as second or successive when it followed a previous dismissal due to prematurity or lack of exhaustion. *Id.* "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

In this case, Petitioner's previous petition was not dismissed because of any prematurity or lack of exhaustion, but was dismissed on the merits. Under *Orozco-Ramirez* and *Crone*, Petitioner therefore was required to present all available claims in his first federal petition:

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas Petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner challenges the same prison disciplinary proceeding and asserts the same grounds for relief that were raised in his prior petition. Because the instant petition raises claims that Petitioner raised or could have raised in his first petition, the petition is successive within the meaning of 28 U.S.C. § 2244(b).

When a petition is second or successive, the Petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim

3

in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief.

Although it is appropriate for the Court to dismiss the instant successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002*); In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because the petition sought to be filed in this action is successive, and because the Fifth Circuit has not granted petitioner authorization to file a successive petition, the Court should dismiss the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED without prejudice** pending review by a three-judge panel of the court of appeals.

**SIGNED** this 13th day of June, 2008.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE